UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. File No. 11-147 (PAM)

            Plaintiff,

v.                                                                         **MEMORANDUM AND ORDER**

Sandra Lee Calkins,

            Defendant.

_____

This matter is before the Court on Defendant's Motion for Stay of Sentence Pending Appeal, Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, Motion to Appoint Counsel, and Application to Proceed In Forma Pauperis.  For the reasons that follow, the Motions are denied.

**BACKGROUND**

On May 26, 2011, Defendant pled guilty to one count of Bank Fraud in violation of 18 U.S.C. § 1344.  This Court sentenced Defendant to a 66-month term of imprisonment on February 8, 2012.  This Court also ordered restitution in the amount of $8,675,917.10. Defendant appealed her sentence and the Eighth Circuit affirmed in a per curiam opinion. Defendant now brings a petition under 28 U.S.C. § 2255 and various motions before the Court.  Despite having pled guilty and without directly challenging the viability of her plea, Defendant's lengthy and cumbersome submissions are essentially proclamations of innocence.  The Court will not revisit the issue of Defendant's guilt and will instead focus

on the legal issues presented as best as it can decipher them.

**DISCUSSION**

**A.      Ineffective Assistance Claims**

Defendant alleges that her trial counsel was constitutionally ineffective because she failed to raise several issues at the sentencing hearing. In order to prove ineffective assistance of counsel, a petitioner must show deficient performance, that is, that "counsel's representation fell below an objective standard of reasonableness," and actual prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.

     **1.      Amount of Loss**

Defendant argues that her attorney was ineffective because she did not request an evidentiary hearing or conduct adequate discovery regarding the losses attributed to Central Bank. The record does not support such a finding. As an initial matter, there is no right to an evidentiary hearing at the sentencing stage. See Fed. R. Crim. P. 32(i)(2) (emphasis added) (providing that the Court "may permit the parties to introduce evidence " on objections to the PSR). And because Defendant had adequate opportunity to submit evidence and briefing relating to the amount of loss during the presentence investigation and the sentencing hearing, such a hearing was unnecessary. The Court weighed the evidence and

determined that the amount of loss based on that evidence. An evidentiary hearing would not have yielded a different result. Counsel for Defendant instead focused on arguments for leniency under 18 U.S.C. § 3553(a), which was an objectively reasonable strategic call to make under the circumstances. Defendant has failed to establish that her attorney erred in handling the amount of loss issue.

   **2.   Bank Fraud**

Defendant next appears to argue that her counsel was ineffective for not arguing that Defendant was not guilty of bank fraud, which is the only charge of conviction, because she did not have the requisite intent to defraud. She claims to have not understood the charge and that she was unable to craft a proper defense. Her plea colloquy establishes to the contrary:

> Q: In that capacity, with the intent to defraud, you submitted materially false financial statements to Central Bank in Eden Prairie, which is an institution, and you agree that the deposits are insured by the United States Government; is that right?
>
> A: That is right.
>
> Q: And you did this in order to renew this 3.25 million-dollar credit line; is that right?
>
> A: Yes.
>
> Q: These financial statements were purportedly audited -- which they weren't -- and you knew that they were materially false in terms of revenue and net assets; is that right?
>
> A: Yes.
>
> Q: Also, in response to documentation requests from the bank, you prepared

 and submitted to them false U.S. bank statements for March, 2009, April, 2009, June, 2009, September, 2009, and December, 2009, that falsely reflected tax payments that were in fact not made by the company. They purported to show that they were and, in fact, that they weren't. Is that right?

 A: It is right.

(Plea Hr'g Tr. (Docket No. 33) at 17:5-18:1.) The Court further notes that when asked if she was satisfied with her counsel and whether she had done a good job for her, Defendant responded "Excellent." (Id. at 15:19.)

Defendant also seems to be arguing that the definitions relating to bank fraud somehow changed from the time of her plea to sentencing. She also again seems to challenge the amount of loss in the context of the definition of bank fraud. Defendant does not tie these alleged issues to the performance of her counsel. The Court is unable to follow Defendant's arguments in this regard and will therefore summarily deny this aspect of the Petition.

  **3. Angel Investor Loans**

Defendant again claims that her counsel was ineffective for failing to request an evidentiary hearing as to the losses to angel investor loans. For the reasons stated above, this claim also fails.

  **4. Appeal Rights in Plea Agreement**

Defendant argues that her counsel was deficient for failing to include a reference to appeal rights in the plea agreement and that she was denied the benefit of a direct appeal as a result of the omission. This argument also lacks merit. First, there is no requirement that the plea agreement itself contain such information. Second, the Court included an

4

explanation of appeal rights during the plea colloquy. (Plea Hr'g Tr. at 14:9-18.) Third, Defendant did in fact file a direct appeal. Thus, even if her counsel were somehow ineffective in this regard, any such error was harmless. United States v. Syhavong, 96 Fed. Appx. 433, 436 (8th Cir. 2004).

### 5. Supervised Release

Defendant next contends that her counsel was ineffective for failing to object to the Court's imposition of a five-year term of supervised release, because she was advised at the plea hearing that the term could not exceed three years. Defendant had ample notice, however that the maximum term of supervised release was five years. She was provided that notice in both the preliminary and final PSR, and again at sentencing. Even if an error was made at the plea hearing, it was corrected in subsequent proceedings and cannot serve as a basis for establishing ineffective assistance of counsel.

### 6. PSR Review

Defendant argues that her counsel erred in not objecting when the Court did not expressly question Defendant about whether she and her counsel had read and reviewed the PSR in alleged violation of Fed. R. Crim P. 32(i)(1)(A). Defendant does not assert that she had not reviewed the PSR or discussed the PSR with her counsel, nor does she indicate how she was prejudiced by the Court's failure to ask her those questions. Indeed, the sentencing hearing transcript demonstrates that both Defendant and her counsel were thoroughly familiar with the PSR. Under these circumstances, any possible error is harmless. See United States v. Krzyzaniak, 702 F.3d 1082, 1086 (8th Cir. 2013) (holding that there is no prejudice in

5

failing to ask whether a defendant had read the PSR when the record demonstrated that he or she had in fact done so).

## B. Alleged Court Error

### 1. Restitution

Defendant claims that the Court erred in its restitution order. The law is clear, however, that "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)

### 2. Guidelines Application

Finally, Defendant claims that the Court erred in applying the sentencing guidelines. Defendant raised the same argument on direct appeal and is barred from doing so again here. United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981).

## C. Certificate of Appealability

An individual seeking to appeal a final order in a proceeding under 28 U.S.C. § 2255 must first secure a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for

issuance of a certificate."). Instead, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

As discussed, the Court is firmly convinced that Defendant's claims are baseless, and that reasonable jurists could not differ on the results given the nature of Defendant's arguments. A COA is therefore denied.

**CONCLUSION**

Defendant's § 2255 Motion is meritless. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 (Docket No. 59) is **DENIED**;

2. A Certificate of Appealability is **DENIED**;

3. Defendant's Motion for Stay of Sentence Pending is Appeal (Docket No. 62) is **DENIED as moot**;

4. Defendant's Application to Proceed In Forma Pauperis (Docket No. 63) is **DENIED without prejudice as premature**; and

     5.     The Petition is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 14, 2014

        *s/Paul A. Magnuson*
        Paul A. Magnuson
        United States District Court Judge